| | |
|---|---|
| DENVER DISTRICT COURT<br>CITY & COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver CO 80202<br>720-865-8305 | DATE FILED: November 14, 2017<br>CASE NUMBER: 2017CV34228 |
| *Plaintiff:*  **Kenneth Spake**<br><br>v.<br><br>*Defendant:* **UFG Specialty Insurance Company** | ∧ **COURT USE ONLY** ∧<br><br>Case # **2017CV34228**<br>Courtroom **368** |
| **PRE-TRIAL ORDER** ||

**Please read this Pre-Trial Order.**

This Pre-Trial Order shall apply to each case assigned to Courtroom 368 of Denver District Court. The attorneys are expected to familiarize themselves with the contents of this Order and all its requirements. Procrastination or general lack of diligence in the preparation of your case will not constitute good cause for non-compliance with this Pre-Trial Order. Questions regarding the contents or interpretations of this Order should be raised **before** trial and will not be addressed during trial.

Plaintiff shall serve copies of this Pre-Trial Order on any Pro Se Parties, pursuant to C.R.C.P. 5, and file a Certificate of Service with the Court within 14 days of the date hereof. In the event of any conflict between this Pre-Trial Order and C.R.C.P. 16 or 121, this Order shall govern.

CASE MANAGEMENT ORDER

The provisions of C.R.C.P. 16 concerning a Case Management Order will apply. If all parties have not participated in the preparation of a proposed Case Management Order, that fact shall be noted in the title of the Proposed Case Management Order.

In accordance with C.R.C.P. 16, the CMO shall contain a specific setting date or trial date and the case shall be set for trial not later than **49 days** from the date the case is at issue. The Court

prefers to conduct a Case Management Conference in most cases and is usually unwilling to waive the Case Management Conference under C.R.C.P. 16(d)(3).

Trial settings may only be obtained Tuesday through Thursday between the hours of 10:00 a.m. and noon. **Any case where the parties request more than five (5) trial days or that the case be set beyond one year will require an in-person trial setting conference with lead trial counsel present.**

The Court adheres to the provisions of Chief Justice Directive (CJD) 08-05 which requires that 90% of all civil actions filed shall be concluded within one year of filing.

**CASE PREPARATION CHECKLIST**

**1.     No Written Discovery Motions.** **NO WRITTEN DISCOVERY MOTIONS WILL BE ACCEPTED. THE COURT WILL ADDRESS *ALL* DISCOVERY DISPUTES WITH AN *IN-PERSON* DISCOVERY HEARING INSTEAD OF BY WRITTEN MOTIONS.** The purpose of this procedure is to ensure expedited and inexpensive resolution of discovery disputes. The following procedures will be in effect in this case:

   a. If there is a discovery dispute, the attorneys are expected to confer in a meaningful way to try to resolve it. An e-mail sent the night before, or similar sorts of tactics, doesn't qualify as meaningful conferral.

   b. If counsel cannot resolve the dispute, please call Patrick Roe or Paul Jordan at 720-865-8305 and set it for a hearing. The Court will set the discovery hearing as quickly as possible, generally that same week. If counsel cannot agree on a date, please let Patrick or Paul know and I will set the hearing date.

   c. The dispute will be argued and resolved at the hearing, or taken under advisement with a prompt ruling by the Court. Please don't file any written motion, attachments, etc. If I need more, I'll ask.

   d. If a dispute occurs during a deposition, please call Patrick Roe or Paul Jordan at the above number and advise him/her about the nature of the dispute. I'll address the dispute as quickly as possible.

   e. Discovery shall be conducted in accordance with the attached **Discovery Protocol**.

**2.     Non-Disputed Motions for Extension of Time**

a. Stipulated agreements to extend the dates for filing discovery responses, objections, and disclosures of **no more than 7 days** do not need to be filed with the Court. THIS DOES NOT APPLY TO THE DEADLINES FOR FILING MOTIONS. PLEASE SEE § 4 BELOW

b. Extensions for **more than 7 days**, even if stipulated, will be granted only upon a showing of extraordinary circumstances.

3. **Other Written Motions**

    a. Please remember the page and word limits under C.R.C.P. 121, Section 1-15(1). The Court takes these limits seriously. So should you.

    b. Please remember, less is almost always more. You can make your point without being wordy. *See State v. Moore*, 190 Neb. 771, 212 N.W.2d 575 (1973). Please read it.

4. **Pretrial Motions**. The Court adheres strictly to C.R.C.P. 16(c) and its deadlines: "Unless otherwise ordered by the court, pretrial motions, including Motions in Limine, shall be filed **no later than 35 days before the trial date**, except for motions pursuant to C.R.C.P. 56, which must be filed no later than **91 days (13 weeks)** before the trial and except for motions challenging the admissibility of expert testimony pursuant to C.R.E. 702, which must be filed no later than **70 days (10 weeks)** before the trial." (Emphasis added)

The Court will generally <u>not</u> grant extensions of time to file summary judgment motions. The late filing of motions for summary judgment does not permit the Court sufficient time to rule in advance of trial. Failure to comply with the motions deadlines stated herein may result in a delayed ruling, or no ruling at all, from the Court before trial. All other pre-trial motions, including Motions in Limine, must be filed not later than **35 days** before trial unless otherwise ordered by the Court. If an expedited ruling is desired, the moving party must specifically request an expedited schedule in the original motion.

The Court may rule on motions without a hearing, pursuant to C.R.C.P. 121, or the Court may order a hearing prior to trial.

5. **Service of Process.** Returns of Service on all defendants shall be filed within **63 days** after the date of the filing of the complaint. *See* C.R.C.P. 4(m).

6. **Default.** Application for default shall be filed **within 14 days** after default has occurred.

7. **Affirmative Defenses.** Please note the 2015 Comment to Rule 12: "The practice of pleading every affirmative defense listed in Rule 8(c), irrespective of a factual basis, is improper under C.R.C.P. 11(a)."

8. **Trial Management Order.** Plaintiff's counsel is required to prepare and submit a signed Trial Management Order (TMO) 28 days before the date of trial. The TMO shall comport with the provisions set forth in C.R.C.P. 16(f). **ALL parties must participate in the preparation of the TMO.** Should the parties be unable to agree on the proposed TMO or if counsel believes it would be helpful, a Trial Management Conference may be scheduled upon notice, to be attached to the proposed TMO submitted. Counsel should be aware that when the Court has multiple trials ready to be tried on a particular date, the presence and timeliness of a TMO is one criterion used to determine priority.

## TRIAL PREPARATION CHECKLIST

9. **Jury Instructions.** If this matter is set for a jury trial, counsel are required to meet regarding jury instructions and **proposed jury instructions shall be delivered to the Court on a single flash drive on the first day of trial.** The first party represented by counsel to demand a jury trial and who has not withdrawn that demand shall be responsible for ensuring compliance with that portion of C.R.C.P. 16.

Please put the following Word files on the **single flash drive**:

(a) Agreed upon instructions
(b) Plaintiff's tendered about which Defendant disagrees; and
(c) Defendant's tendered about which Plaintiff disagrees.

You do not need submit the basic introductory or evidentiary instructions, other than a 2:1 statement of the case instruction. The Court will provide the basic introductory or evidentiary instructions to the jury.

If applicable to your case, combine the following instructions into one instruction: 3:4; 3:7; 3:8; 3:9; 3:10; 3:11; 3:15; 3:16. If applicable, combine 5:1; 5:5 into one instruction. Any other instructions that the parties agree to combine are also encouraged.

The parties shall agree upon a succinct 2:1 statement of the case instruction (Instruction No.1) that the Court can read to the jury at the beginning of the trial. If the parties cannot agree, one 2:1 instruction shall be submitted with highlights on the language upon which the parties cannot agree and the Court will use its own.

10. **Juror Notebooks.** The Court provides 1", 3-ring binders for the jurors' use as notebooks during the trial. The notebooks contain paper so that the jurors can take notes, as well

as introductory information regarding jury service, the courthouse and its environs. The notebooks also contain some stock instructions such as burden of proof, direct and circumstantial evidence, credibility of witnesses, etc.

Counsel shall provide eight copies of the following case-specific information for the notebooks: (1) a stipulated statement of the case; (2) a list of witnesses for each party; (3) the names of any attorneys who will be appearing; and (4) copies of exhibits that the parties agree can be included in the notebooks. The Court has also found the following information is useful to and appreciated by the jurors: (1) a list of stipulations reached by the parties; and (2) a glossary of technical or unusual terms that may be used during testimony.

The Court encourages the parties to limit the quantity of exhibits put into jury notebooks to a minimum. Only those pages that are **most** relevant **and** helpful should be included. If counsel believes that they must provide the jurors with extensive exhibits, they may consider providing their own exhibit notebooks, however, the Court suggests counsel consider the comfort of the jurors. Expecting the jurors to carry numerous binders to and from the courtroom may aggravate them. If it is necessary to provide a separate notebook for exhibits, counsel are encouraged to include **all** parties' exhibits in **one** notebook, if possible, rather than each party providing a separate notebook. The inserts for the juror notebooks, or the notebooks themselves in the case of more extensive exhibits, are due to the Court **at the same time as the jury instructions.**

11.    **Exhibits.** Counsel are encouraged to prepare a written stipulation as to undisputed facts and stipulate to the admission of exhibits as to which there is no controversy. Please prepare an **index of exhibits** that you expect to offer, including a list of those exhibits to which there is a stipulated admission.

Please mark all exhibits prior to trial. **Plaintiff's exhibits shall be marked in numerical sequence 1-500. Defendant's exhibits shall be marked in numerical sequence 1000- forward.** The civil action number of the case should also be placed on each of the exhibit labels, as well as the date of the trial.

It is expected that a copy of each exhibit will be provided to opposing counsel and that you will have a copy of each of your exhibits. In addition, a copy of exhibits shall be provided to the Court. To expedite trial, each exhibit to be offered should be viewed by opposing counsel prior to trial and a determination made as to whether an objection will be made as to the admissibility of the exhibit. Only where counsel has not had a reasonable opportunity to view an exhibit in advance will trial be interrupted for such a review.

**DO NOT PROVIDE AN EXHIBIT NOTEBOOK FOR THE COURT. INSTEAD, PLEASE SCAN ALL EXHIBITS ONTO THE SAME SINGLE FLASH DRIVE, WHETHER STIPULATED OR DISPUTED:**

**(A) PLAINTIFF'S EXHIBITS**

### (B) DEFENDANT'S EXHIBITS

Because civil divisions no longer have court reporters and because of a reduced work force in the Denver District Court, this Court is no longer able to maintain custody of exhibits after the termination of hearings and trials. Therefore, it is **ORDERED** that, unless the Court orders otherwise or all parties agree on the record that exhibits need not be retained, the parties shall complete a receipt for exhibits and the following shall apply:

The parties are given notice that at the conclusion of the trial, counsel for the parties shall retain custody of their respective exhibits and depositions, whether or not the exhibit was received into evidence, until such time as all need for the exhibits and depositions has terminated and the time for appeal has expired or all appellate proceedings have been terminated plus sixty-three days. No withdrawn exhibit shall be modified in any manner. No demonstrative exhibit shall be preserved as part of the record in this case, either in this Court or for transmittal to the Court of Appeals. The parties shall provide a photograph(s) of any such exhibit(s) on or before the first day of trial for inclusion in the record. Photograph(s) shall be no larger than 8-1/2" x 11" and all parties shall agree that the items are accurately represented. The proponent of the exhibit shall retain possession of the item, as with all other respective exhibits upon completion of the trial. **Any violation of this order regarding the maintenance of exhibits will be subject to sanctions including contempt of court under C.R.C.P. 107.**

**If the parties wish to retain a private court reporter, please request the Denver District Court policy from my division clerk if you are not already familiar with it.**

12. **Scheduling/Witnesses.** Unless otherwise ordered by the Court, the trial day will start at 8:30 a.m. and end at 5:00 p.m. Counsel and parties are expected in court 30 minutes prior to beginning each day of trial so that any preliminary matters may be addressed without inconveniencing the jury. The Court will typically take one break, for 15 – 20 minutes, in the morning and afternoon. Unless otherwise determined by the Court, lunch break will be from approximately noon until 1:00 p.m.

Please provide the Court with a copy of your witness list. Witnesses should be listed in the order that you anticipate calling them. It is the obligation of counsel to have witnesses scheduled to prevent any delay in the presentation of testimony or running out of witnesses before 5:00 p.m. on any trial day. Accordingly, there shall be no more than five (5) minutes delay between witnesses. Delay in this regard may result in the Court requiring the non-delaying party to commence its case-in-chief or the delaying party may be deemed to have rested its case.

13. **Voir Dire, Opening Statements and Closing Arguments.** The Court will conduct an extensive voir dire, including basic background questions, inquiry into biographical information and juror qualifications. Counsel will normally be limited to 20 minutes on voir dire unless otherwise ordered by the Court. Counsel will be limited to 20 minutes for opening statement unless otherwise

ordered by the Court. Time limits for closing argument will be determined at the close of the evidence; the Court usually allows 20 minutes.

14. **Depositions.** If you are going to use depositions in lieu of live testimony you must provide designations of such testimony to opposing counsel not later than 28 days before trial. Objections to all or part of the deposition testimony offered must be made not later than 14 days before trial and must cite page, line and the specific evidentiary grounds supporting the objection. **The same rules apply to both videos and written depositions.** When applicable, counsel are also required to provide a person e.g., co-counsel, etc., to read the testimony into the record.

15. **Audio-Visual Technology.** If you intend to use any special equipment/technology such as video or audio recordings, movies, slides, PowerPoint or other computer generated technology, you must provide it. You must contact my Division Clerk **prior** to the scheduled trial date to arrange the use of such technology.

Any audio recordings shall be played over the Court sound system. Parties shall be responsible for bringing any and all electrical cables and audio connecting cables. Parties shall plug their audio playing device into an auxiliary input on the Court's lectern. The auxiliary input requires connection via a 1/8" headphone jack cable or RCA stereo jack cable. The Court will control the volume of the audio via its sound control panel.

16. **Trial Briefs.** Trial Briefs may be filed. Briefs shall be filed not later than **14 days** before trial, and shall not exceed five pages in length.

17. **Pro Se Parties.** Parties appearing without counsel are directed to contact **Colorado Legal Services and the Metro Volunteer Lawyers, 1905 Sherman Street, Suite 400, Denver, Colorado 80203, Phone 303-837-1313,** for determination of legal representation.

18. **Discovery Procedures.** Discovery in all cases will be conducted subject to the provisions of the Court ordered Discovery Protocol attached.

19. **Private Court Reporter:** Please familiarize yourself with and provide the Court with the court-reporter agreement required by Denver Chief Judge Directive 2011-1 on the first day of trial.

20. **Settlement. If the parties settle the case after trial has been set, the Court will not vacate the trial until the parties have filed a stipulation to dismiss the case with prejudice.** Please notify the Court within 24 hours of settlement or resolution of the case. It is not productive for the Court to expend unnecessary time and effort on pending matters that are rendered moot by settlement between the parties. All documents confirming settlement shall be filed not later than 21 days from the date of settlement, unless otherwise ordered by the Court.

**21.** **Compliance.** This Pre-Trial Order applies to **ALL** cases without exception. Counsel are expected to familiarize themselves with the provisions of this order. Failure to comply with this Order will not be excused due to lack of familiarity with the requirements set forth herein.

**SO ORDERED.**

Dated this 14th day of November, 2017.

BY THE COURT:

_____
Edward D. Bronfin
District Court Judge

cc: All Counsel

## DISCOVERY PROTOCOL

Counsel are reminded that all discovery responses shall be made in the spirit and with the understanding that the purpose of discovery is to elicit facts and to get to the truth. The Rules of Civil Procedure are directed toward securing a just, speedy and inexpensive determination of every action. The discovery process shall not be employed to hinder or obstruct these goals nor to harass, unduly delay or needlessly increase the cost of litigation.

## WRITTEN DISCOVERY

These discovery protocols shall be considered as part of the responsibility of parties and counsel to comply with the Rules of Civil Procedure relating to discovery.

1. The parties should refrain from interposing repeated boilerplate type objections such as "overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence" and other similar objections. In the event any such objections are made, they shall be followed by a clear and precise explanation of the legal and factual justification for raising such an objection. Additionally, if the objecting party otherwise responds to the discovery request but does so subject to or without waiving such an objection, that party shall describe with reasonable specificity the information which may be available but which is not being provided as a result of the objection raised.

2. When a responding party claims not to understand either a discovery request or the meaning of any words or terms used in a discovery request, that party shall, within fourteen (14) days of receiving the discovery request, seek clarification of the meaning from counsel who served the discovery. A failure to seek such clarification shall be considered a violation of this Order for Discovery Protocol.

3. A discovery response which does not provide the information or material requested but promises to do so at some point in the future will be treated as the equivalent of no response unless the party so responding provides a specific reason for the information not being produced as required by the Rules of Civil Procedure, and also provides a specific date by which such information will be produced.

4. A response to a discovery request that does not provide the information or material requested but rather states that the party is continuing to look for or search for such information or material will be treated as the same as no response unless that party provides a clear description of where such information or material is normally located, who is normally in custody of such information or material, where the party has searched, the results of the search, as well as the identity of all persons who have engaged in such a search. The responding party shall also provide a clear explanation of the ongoing search and a specific date by which the search will be complete.

5.  Whenever a party objects to discovery based upon a claim of attorney/client privilege, work product protection or any other privilege or protection, that party shall produce a detailed privilege/protection log that includes at least the following for each such item for which privilege is claimed:

    a.  The information required by C.R.C.P. 26(b)(5);

    b.  The date of the information or material;

    c.  All authors and recipients; and

    d.  The specific privilege or protection which is claimed.

The proponent of the privilege has the burden of establishing that privilege. Failure to comply with this paragraph 5 and Order for Discovery Protocol will constitute a waiver of the claimed privilege.

**DEPOSITIONS**

1.  Depositions shall be conducted in compliance with the Colorado Rules of Civil Procedure.

2.  During all depositions, counsel shall adhere strictly to C.R.C.P. 30(d)(1) and (3). No objections may be made, except those which would be waived if not made under C.R.C.P. 32(d)(3)(B) (errors, irregularities), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a C.R.C.P. 30(d)(3) motion (to terminate a bad faith deposition). Objections to form shall be stated: "Objection as to form." Any further explanation is inappropriate and prohibited unless specifically requested by the attorney asking the question.

3.  There shall be no speaking objections. It is inappropriate and prohibited for an attorney, during the course of questioning, to advise a witness to answer "if you know," or "if you remember." It is similarly prohibited for an attorney during questioning to advise a witness not to speculate. All such questions shall be considered speaking objections. All deponent preparation shall be conducted prior to the commencement of the deposition and shall not take place during the course of the deposition.

4.  It is appropriate for the deponent to request clarification of a question. However, it is not appropriate for counsel to do so.

5.  A deponent and an attorney may not confer during the deposition while questions are pending. Similarly, neither a deponent nor counsel for a deponent may interrupt a deposition

      when a question is pending or a document is being reviewed, except as permitted by C.R.C.P. 30(d)(1).

6. Counsel shall refrain from excessive objections that have the purpose or effect of disrupting the flow of questioning or the elicitation of testimony.

7. Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion under paragraph 3 of C.R.C.P. 30(d). Whenever counsel instructs a witness not to answer a question, counsel shall state on the record the specific reason for such an instruction, the specific question, part of a question or manner of asking the question upon which counsel is basing the instruction not to answer the question.

8. Violations of these Discovery Protocols will result in the Court limiting or prohibiting additional discovery in the case.