| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>1437 Bannock St. Rm 256<br>Denver, CO 80202<br><br>Plaintiff:  **KENNETH SPAKE**<br><br>v.<br><br>Defendant: **UFG SPECIALTY INSURANCE COMPANY** | DATE FILED: November 14, 2017 10:11 AM<br>FILING ID: BCF97B5C6A7EA<br>CASE NUMBER: 2017CV34228<br><br><br><br>▢COURT USE ONLY ▢ |
| **Attorneys for Plaintiff:**<br>Robert R. Harper, #48454<br>Law Offices of Dianne Sawaya, LLC<br>4500 Cherry Creek Drive South, Suite 1030<br>Denver, CO 80246<br>Phone Number: (303) 758-4777<br>Fax Number: (303) 758-4779<br>E-mail: rharper@dlslawfirm.com | Case Number:<br><br><br>Division: |
| **COMPLAINT** | |

 **COMES NOW**, Plaintiff, Kenneth Spake, by and through his attorney, Robert R. Harper at the Law Offices of Dianne Sawaya, LLC, and for his complaint against Defendant UFG Specialty Insurance Company, states as follows:

## PARTIES AND JURISDICTION

1. At all times relevant herein, Plaintiff Kenneth Spake (hereinafter "Plaintiff") resides at 10927 Melody Drive, Northglenn, CO 80234.

2. Upon information and belief, at all times relevant hereto, Defendant, UFG Specialty Insurance Company, also known as United Fire Group (hereinafter "Defendant UFG"), is and was an insurance company authorized to do business in the State of Colorado and was doing business in the State of Colorado, with its registered agent, Colorado Department of Insurance, located 1560 Broadway, Denver, CO 80202.

3. Upon information and belief, at all times relevant hereto, the underinsured tortfeasor, Richard Steinhour, is and was a resident of the City of Laramie, County of Albany, State of Wyoming, and at the time of the automobile collision discussed herein, resided P.O. Box 2241, Laramie, WY 82073.

1

4. Venue and Jurisdiction are proper in the County of Denver, State of Colorado, as at all times relevant herein, Defendant UFG can be found doing business and servicing claims of its insureds in Denver, Colorado. Further, Defendant UFG sells insurance and is licensed to do business in Denver, Colorado.

5. Therefore, venue is proper pursuant to C.R.C.P. Rule 98.

## GENERAL ALLEGATIONS

6. Plaintiff repeats and re-alleges each and every previous allegation of the Complaint and incorporates the same herein by reference as though set forth in full.

7. The incident giving rise to this action occurred on Interstate 70 at MM 261 in the City of Golden, County of Jefferson, State of Colorado.

8. On July 14, 2014, at or about 8:26 a.m., Plaintiff Kenneth Spake was the driver of his 1993 Kenworth Truck Tractor, traveling on Eastbound Interstate 70, when Richard Steinhour switched lanes from the first lane and collided with another vehicle in the second lane.

9. Thereafter, Richard Steinhour's vehicle began to spin out of control and collided with Plaintiff Kenneth Spake in the third lane, both of which were traveling in the same direction.

10. Both vehicles remained stuck together, collided with the guard rail in middle of I-70, which resulted in both vehicles coming to rest on the side ditch of I-70.

11. The sole cause of the subject motor vehicle collision was Mr. Steinhour's careless driving by switching lanes without a clear path to do so.

12. At all times relevant herein, Plaintiff acted reasonably under the circumstances.

13. At all times relevant herein, Plaintiff mitigated his damages.

14. Plaintiff is the proper party to bring this claim.

15. As a direct and proximate result of the motor vehicle collision giving rise to this action, Plaintiff has been forced to incur medical bills for treatment in the amount of approximately $82,656.18 and will continue to incur additional medical bills in the future.

16. As a direct and proximate result of the July 14, 2014 motor vehicle collision, Plaintiff has sustained serious permanent injuries, damages, and losses.

17. As a direct and proximate result of the July 14, 2014 motor vehicle collision, Plaintiff has sustained physical impairment.

18. As a direct and proximate result of the July 14, 2014 motor vehicle collision, Plaintiff has sustained and will sustain in the future loss of earnings and loss of earning capacity, and other economic damages, costs, losses, and expenses.

19. As a direct and proximate result of the July 14, 2014 motor vehicle collision, Plaintiff suffered mental anguish, pain and suffering, permanent disability, loss of enjoyment of life, and other non-economic damages.

20. At all times relevant to this action, Plaintiff was legally entitled to recover damages from the tortfeasor, Mr. Richard Steinhour, as a result of bodily injury sustained by Plaintiff.

21. At all times relevant to this action, and at the time of the underlying motor vehicle collision on July 14, 2014, the tortfeasor's vehicle was insured by a bodily injury liability bond or policy issued by Progressive Direct Insurance Company that was insufficient to fully compensate Plaintiff for damages arising from bodily injury caused by the tortfeasor to which Plaintiff was legally entitled.

22. At all times relevant to this action, including the date of the subject motor vehicle collision, July 14, 2014, Plaintiff was an "insured person" with Defendant UFG through an insurance policy, number 60444930, as defined therein, which was in full force and effect, sold by Defendant UFG, and purchased by Plaintiff, which in part provided for underinsured motorist benefits pursuant to C.R.S. 10-4-609(4).

23. The insurance policy providing coverage to Plaintiff, and issued by Defendant UFG to Plaintiff, number 60444930, included uninsured/underinsured motorist coverage, which provided that Defendant UFG pay all sums which an insured is legally entitled to recover as damages from the owner or operator of an "underinsured motor vehicle" because of bodily injury sustained by the insured person (insured person defined in part as "Any other person while occupying your insured car"), in the instant, Plaintiff, as a result of the use of the underinsured motor vehicle.

24. Upon information and belief, Defendant UFG is liable for the negligence of the underinsured tortfeasor for damages to which the Plaintiff is legally entitled to recover under the aforementioned uninsured/underinsured motorist policy coverage, for which Plaintiff paid premiums, per C.R.S. 10-4-609(1)(a) & C.R.S. 10-4-609(1)(c).

25. Defendant UFG has breached the contract of insurance and policy #60444930 by failing to pay uninsured/underinsured benefits owed to Plaintiff pursuant to Defendant UFG own policy, number 60444930, an insurance contract entered into with Plaintiff.

26. As of the date of the filing of this Complaint, Defendant has refused to pay Plaintiff the underinsured motorist benefits under the policy Defendant UFG issued to Plaintiff to properly compensate insured persons, including Plaintiff here, for damages to which he is entitled.

27. Plaintiff is legally entitled to recover compensatory damages for bodily injury from uninsured/underinsured owner/operator Mr. Richard Steinhour, including but not limited to past, present, and future economic and non-economic damages, in an addition permanent impairment and/or disfigurement.

28. As the direct and proximate result of the negligence of the underinsured tortfeasor, and as a direct and proximate result of the breach of contract of Defendant UFG, Plaintiff has incurred past and future economic losses which include loss of home services, lost wages, reasonable and necessary past and future medical expenses including, but not limited to, physician, hospital, physical therapy, injection therapy, orthopedic care, imaging, prescription medications, and other expenses.

29. As the direct and proximate result of the negligence of the underinsured tortfeasor, and as a direct and proximate result of the breach of contract of Defendant UFG, Plaintiff has suffered permanent physical impairment, disfigurement, past and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

30. Accordingly, Plaintiff seeks general and special damages from Defendant UFG as a direct and proximate consequence of the injuries and damages suffered as a result of the underinsured tortfeasor's negligence as well as of Defendant UFG's breach of contract.

**FIRST CLAIM FOR RELIEF**
*(Breach of Contract – Uninsured/Underinsured Motorist Benefits Claim)*

31. Plaintiff repeats and re-alleges each and every previous allegation of the Complaint and incorporates the same herein by reference as though set forth in full.

32. At the time of the July 14, 2014 motor vehicle collision, Plaintiff was insured through an insurance contract and policy issued by Defendant UFG to, which in part provided uninsured/underinsured motorist protection benefits and coverage, through effective policy number 60444930.

33. The insurance policy issued by Defendant to Plaintiff, included uninsured/underinsured motorist coverage, which provides that Defendant UFG

will pay its insured compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

34. At all times relevant to this action, and at the time of the underlying motor vehicle collision on July 14, 2014, the tortfeasor's vehicle was insured by a bodily injury liability policy issued by Progressive Direct Insurance Company that was insufficient to fully compensate Plaintiff for damages arising from bodily injury caused by the tortfeasor to which Plaintiff was legally entitled.

35. Upon information and belief, Defendant UFG is liable for the negligence of the underinsured tortfeasor, and therefore, also liable for the resulting losses to Plaintiff under aforementioned uninsured/underinsured motorist policy coverage, for which Plaintiff paid premiums, per C.R.S. 10-4-609(1)(a) & C.R.S. 10-4-609(1)(c).

36. Defendant UFG has breached the contract of insurance and insurance policy number 60444930 by failing to pay uninsured/underinsured benefits owed to Plaintiff pursuant to Defendant UFG's own policy and contract entered into with Plaintiff, for the benefit of the Plaintiff.

37. Plaintiff is legally entitled to recover compensatory damages for bodily injury from the underinsured owner/operator Mr. Richard Steinhour as a result of his negligent conduct at the time of the subject motor vehicle collision; these damages include, but are not limited to past, present, and future economic and non-economic damages, in an addition permanent impairment and/or disfigurement.

38. As of the date of the filing of this Complaint, Defendant has refused to pay Plaintiff the underinsured motorist benefits under the policy Defendant UFG issued to Plaintiff to properly compensate insured persons, including Plaintiff here, for damages to which he is entitled.

39. As the direct and proximate result of the negligence of the underinsured tortfeasor, and as a direct and proximate result of the breach of contract of Defendant UFG, Plaintiff has incurred past and future economic losses which include loss of home services, lost wages, reasonable and necessary past and future medical expenses including, but not limited to, physician, hospital, physical therapy, injection therapy, orthopedic care, imaging, prescription medications, and other expenses.

40. As the direct and proximate result of the negligence of the underinsured tortfeasor, and as a direct and proximate result of the breach of contract of Defendant UFG, Plaintiff has suffered permanent physical impairment, disfigurement, past and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be

5

prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

41. Accordingly, Plaintiff seeks general and special damages from Defendant UFG as a direct and proximate consequence of the injuries and damages suffered as a result of the underinsured tortfeasor's negligence as well as of Defendant UFG's breach of contract.

42. At all times relevant hereto, Plaintiff has complied with all conditions precedent to coverage as an insured person under the insurance policy issued by Defendant UFG.

43. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant UFG has not been prejudiced by the failure to comply.

44. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant UFG may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply of Plaintiff.

45. At the time of the subject motor vehicle collision on July 14, 2014, the driver at fault for the collision, as well for Plaintiff's bodily injuries and damages stemming therefrom, was underinsured within the meaning of underinsured as set forth in the insurance contract between Plaintiff and Defendant UFG.

46. Defendant UFG is legally required to pay Plaintiff's damages pursuant to the underinsured motorist coverage section of the above stated insurance policy in effect on the date of injury on July 14, 2014.

47. As of the date of filing this *Complaint*, Defendant UFG has not made an offer of uninsured/underinsured motorist benefits to properly compensate Plaintiff for his injuries.

**WHEREFORE**, Plaintiff sues Defendant UFG for compensatory damages, underinsured motorist benefits, and breach of contract and accordingly requests that this honorable Court enter judgment in his favor and against Defendant in an amount to fairly compensate the Plaintiff, to be determined at trial, together with statutory interest accrued from the date of the subject accident or as otherwise permitted under Colorado law, court costs, expert witness fees, reasonable attorney's fees, any other such relief as the Court deems just and proper. Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate the Plaintiff for past, present and future economic loss;
(b) For an amount which will reasonably compensate the Plaintiff for medical expenses, past and future;

(c) For an amount which will reasonably compensate the Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind;

(d) For an amount which will reasonably compensate the Plaintiff for non-economic damages, including but not limited to pain and suffering, past and future;

(e) For an amount which will reasonably compensate the Plaintiff for loss of enjoyment of life and/or the capacity of life;

(f) For an amount which will reasonably compensate the Plaintiff for breach of contract;

(g) Reasonable attorney's fees and costs incurred in bringing this action;

(h) For interest as provided by statute from the date of the collision which forms the basis of the complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and proper.

Dated: November 14, 2017            Respectfully Submitted,

**Law Offices of Dianne Sawaya, LLC**

_____

Robert R. Harper, Esq.
Law Offices of Dianne Sawaya, LLC
4500 Cherry Creek Drive South, Suite 1030
Denver, CO 80246
(303) 758-4777
*Attorney for the Plaintiff*